IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00525-MR

| | |
|---|---|
| JEFFREY TYRON COLLINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NORTH CAROLINA DEPARTMENT ) | |
| OF PUBLIC SAFETY, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. Plaintiff is proceeding in forma pauperis. [Doc. 6].

**I.     BACKGROUND**

Pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Lanesboro Correctional Institution. He names as Defendants: the North Carolina Department of Public Safety ("NCDPS"); Bonna Bawden, a combined records release coordinator for NCDPS in Raleigh; Tonyelle Bennett, a release coordinator at Lanesboro C.I.; and Lieutenant Kevin White and Captain Randy Mullis, officers in charge at Lanesboro C.I.

In his Complaint, Plaintiff alleges that the North Carolina trial court ordered him to be released on May 3, 2017 after his conviction was vacated

and he was granted a new trial.[1]  [Doc. 1 at 3].  Plaintiff alleges that he was released from NCDPS custody and was transferred to Transylvania County Detention Center where he was placed on $60,000 bond on the vacated charges.

Plaintiff alleges that the assistant district attorney refused to call him to court on May 4, 2017 for a scheduled hearing on the vacated charges and instructed Lieutenant Kris McCoy to return Plaintiff to prison.  On May 8, 2017, Officers Bryon Barton and Duck Tucker transported Plaintiff back to Lanesboro C.I. without an official judgment and commitment order.  Plaintiff alleges that this violated due process because he had been released from NCDPS, his citizenship was restored, and he was granted a new trial as a pretrial detainee.  He further claims that, after the "abuse of legal process,"

---

[1] Plaintiff claims that he included a copy of these records with his Complaint [Doc. 1 at 3] but the Court did not receive them. The Court will, however, take judicial notice of the relevant North Carolina judicial records. See Fed. R. Evid. 201.  These records reveal that Plaintiff challenged his convictions in Transylvania Superior Court Criminal Case Nos. 12CRS52047 and 13CRS463 in a Motion for Appropriate Relief ("MAR").  The trial court granted the MAR, vacated Plaintiff's convictions, and ordered a new trial on April 3, 2017. The trial court ordered the Plaintiff to be released on bail on May 8, 2017. However, the North Carolina Court of Appeals had granted a temporary stay on May 2, 2017, and it further stayed enforcement of the MAR order on May 17, 2017.  The North Carolina Court of Appeals affirmed the MAR order on April 17, 2018. State v. Collington, 259 N.C.App. 127, S.E.2d 874 (N.C. App. 2018).  The Supreme Court of North Carolina granted discretionary review on December 5, 2018 and those proceedings are still pending. State v. Collington, 371 N.C. 792, 820 S.E.2d 812 (2018). Plaintiff filed a motion seeking release from prison and discharge from imprisonment in the Supreme Court of North Carolina that was denied on December 11, 2019. State v. Collington, 373 N.C. 583, 835 S.E.2d 459 (2019).

another court issued an order to stay the proceedings in the criminal case. [Doc. 1 at 4].

Plaintiff seeks release on bail, an order requiring the North Carolina court to grant him bond, and an award of $5.4 million in damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set

3

forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

### A. NCDPS

Plaintiff has named NCDPS as a Defendant in this action. The Eleventh Amendment bars suits directly against a state or its agencies, unless the state has waived its immunity or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Congress has not imposed § 1983 liability upon states, and the state of North Carolina has done nothing to waive its immunity. Bright v. McClure, 865 F.2d 623, 626 (4th Cir. 1989) (citing McConnell v. Adams, 829 F.2d 1319, 1328 (4th Cir. 1987)). Therefore, the claims against NDCPS are barred, and they will be dismissed with prejudice.

## B. Remaining Defendants

Plaintiff's claims against Defendants Bawden, Bennett, White and Mullis are too vague and conclusory to proceed. Plaintiff does not make any factual allegations whatsoever with regards to these individuals, nor does he explain how they violated his rights. See generally Fed. R. Civ. P. 8(a)(2) (a short and plain statement of the claim is required).

Moreover, it appears that Plaintiff is asking the Court to intercede into pending state court proceedings. In Younger v. Harris, 401 U.S. 37 (1971), the United States Supreme Court held that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995). Plaintiff is asking the Court for relief that would contradict a stay order that was granted by the North Carolina courts pending his MAR appeal.[2] Therefore, even if

---

[2] To the extent that Plaintiff may be asking the Court to review the North Carolina Court of Appeals' stay order, it appears that the Court lacks jurisdiction to do so pursuant to the Rooker-Feldman doctrine, which prohibits "a party losing in state court … from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994); see generally Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); see, e.g., Hurt v. Kuehnert, No. 5:19-cv-97-FDW, 2020 WL 1848060, at *6 (W.D.N.C. April 13, 2020) (dismissing prisoner's § 1983 claim for discovery and a new hearing in his state court MAR proceedings because, *inter alia*, it

the Plaintiff had stated a sufficient claim against any of the Defendants, it appears that Younger abstention may well apply.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim against any Defendant. The Court will dismiss Defendant NCDPS with prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to show that Younger does not apply and to otherwise properly state a claim upon which relief can be granted. Should Plaintiff fail to timely amend his Complaint, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendant NCDPS are **DISMISSED WITH PREJUDICE**.

---

was barred by Rooker-Feldman).

**IT IS SO ORDERED**.

Signed: June 22, 2020

Martin Reidinger
Chief United States District Judge