# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:19-cv-00525-MR

| | |
|---|---|
| **JEFFREY TYRON COLLINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **NORTH CAROLINA DEPARTMENT** ) | |
| **OF PUBLIC SAFETY, et al.,** ) | **ORDER** |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

*Pro se* Plaintiff filed this action pursuant to 42 U.S.C. § 1983, complaining about incidents that allegedly occurred at the Lanesboro Correctional Institution. [Doc. 1]. In an Order issued June 23, 2020, the Complaint was dismissed on initial review pursuant to 28 U.S.C. § 1915. [Doc. 7]. Plaintiff was granted 30 days within which to amend his Complaint, and he was cautioned that the failure to do so would result in this action's dismissal without further notice. [Id.].

Plaintiff has failed to comply with the Court's June 23, 2020 Order, and the time to do so has expired. Plaintiff appears to have abandoned this action and the Court is unable to proceed. This case will therefore be

dismissed without prejudice.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

**IT IS, THEREFORE, ORDERED that** this action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 24, 2020

Martin Reidinger
Chief United States District Judge